# KURKOWSKI LAW, LLC

**By: Daniel M. Kurkowski, Esquire**
1252 Route 109 S.
Cape May, New Jersey 08204
(609) 884-1788; Fax (609) 884-1163
info@kurkowskilaw.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN, NEW JERSEY

| | |
|---|---|
| CHARLENE BOGGS,<br><br>*Plaintiff*,<br><br>v.<br><br>CAESARS ENTERTAINMENT CORP., JOHN DOE BUSINESS ENTITIES AND INDIVIDUALS (PLURAL 1-10),<br><br>*Defendants*. | Case No.:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiff, Charlene Boggs, residing on Fishers Creek Road in Galloway, New Jersey 08205, by way of Complaint as against all Defendants, states the following:

## INTRODUCTION

Plaintiff, Charlene Boggs, brings this Complaint seeking recovery against Defendant for Defendant's violations of the Family and Medical Leave Act of 1993, codified at 29 U.S.C. §2601 *et seq*. and its correlating regulations (hereinafter collectively referred to as "FMLA") for interference and retaliation (COUNT ONE); New Jersey Law Against Discrimination codified at N.J.S.A. 10:5-1, *et seq*., and its administrative regulations (hereinafter collectively referred to as

1

"NJLAD") for discrimination on the basis of a disability, failure to reasonably accommodate a disability and failure to conduct an interactive process regarding reasonable accommodations (COUNT TWO).

## PARTIES

1. Plaintiff, Charlene Boggs, is an individual and citizen of both the State of New Jersey and the United States of America and at all times performed work for Defendant in the State of New Jersey.

2. Defendant, Caesars Entertainment Corp. is a private business entity that operates as Harrah's Resort Atlantic City, a casino and hotel in the State of New Jersey and whose physical location is located at 777 Harrah's Blvd, Atlantic City, NJ 08401.

3. Defendants, John Doe individuals and business entities (Plural 1-10), are unknown to Plaintiff at this time and Plaintiff seeks to preserve her rights to amend the Complaint pursuant to the John Doe Rule if additional names of individuals or other business entities become known.

## JURISDICTION AND VENUE

1. This judicial district has jurisdiction of this matter and venue is appropriate in this judicial district as a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district; and, Defendant has sufficient contacts in this jurisdiction to be subject to personal jurisdiction herein.  28 U.S.C. §1391(b).

2. This Court has jurisdiction over this matter because Plaintiff is asserting a violation of her rights under The Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq*.

3. This Court also has supplemental subject matter jurisdiction over the state law claims pled in this Complaint.  28 U.S.C. §1367.

## FACTS RELEVANT TO ALL COUNTS

1. Charlene Boggs (hereinafter "Plaintiff") was hired by Caesars Entertainment Corp d/b/a Harrah's Resort Atlantic City (hereinafter "Defendant") on or about March 2, 2015 as a security officer.

2. Plaintiff was an adequate, if not stellar employee for Defendant with no discipline issued to her or work performance issues presented to her prior to her notification to Defendant of her disability and subsequent application for medical leave and requests for reasonable accommodations.

3. Very unfortunately, Plaintiff underwent a CT Scan on or about July 17, 2017, and it was discovered that Plaintiff suffered from a brain tumor.

4. Plaintiff's physician told her that she would be required to attend many physician's appointments and testing over the months subsequent to her diagnosis with a brain tumor on or about July 17, 2017.

5. Plaintiff spoke with Defendants' Human Resources Department, told such about her diagnosis, and told such that she would be required to take sporadic days off for the testing and treatment of her brain tumor.

6. Plaintiff wished to work through the period that she was being tested and treated for her brain tumor, and applied for intermittent FMLA leave.

7. Defendant notified Plaintiff that she was eligible for intermittent FMLA.

8. Plaintiff was proactive with her FMLA application, which was submitted to Defendant within a reasonable timeframe of August 6, 2017.

9. Plaintiff was required to be absent for dates that she was treating or being tested for her brain tumor.

10. On September 14, 2017, Plaintiff was issued written discipline which stated that Plaintiff was being terminated because, "Ten (10) of these points were pending approval of your requested leave of absence. On September 12, 2017, your leave request was denied which resulted in your callouts being classified as unexcused absences."

11. The written discipline also stated that the only prior documentation Plaintiff was ever issued was a written warning on September 8, 2017, also subsequent to her notification of Defendant of her disability, necessity of intermittent medical leave, and reasonable accommodations in the form of medical leave so she could have her brain tumor evaluated and be treated for a brain tumor.

12. The absences that Defendant cited in the written discipline were all directly related to Plaintiff's brain tumor and the testing and treatment course caused by her brain tumor.

13. Plaintiff pled for her job, but no interactive process took place and Plaintiff was summarily terminated.

14. Despite being terminated because her absences were unilaterally classified as "unexcused," Plaintiff subsequently received a correspondence from Defendant stating her FMLA leave was approved, albeit after she was terminated.

15. Defendant refused to allow Plaintiff to return to work after her multiple attempts to be returned to her position.

16. Prior to her notification to Defendant of her brain tumor, Plaintiff was a model employee with no written discipline issued to her nor had any work performance issues identified by Defendant to her.

17. After notification of her disability, a brain tumor, Defendant summarily terminated Plaintiff due to the absences she was applying for medical leave for and seeking

reasonable accommodations for.

18. Ironically, after Plaintiff's termination, Defendant approved her FMLA leave.

## COUNT ONE

1. Plaintiff repeats the allegations contained in the preceding Facts Relevant to All Counts and incorporates them as Paragraph 1 of this Count One as though they were fully set forth at length herein.

2. This Count One is brought for interference and retaliation under the FMLA.

3. Plaintiff was an adequate employee of Defendant.

4. Plaintiff was forced to exercise intermittent medical leave after diagnosis of a brain tumor.

5. Defendant terminated Plaintiff despite her application for medical leave, despite her notice to Defendant of her disability, despite Defendant's own notice to Plaintiff that she was eligible for medical leave, despite Plaintiff having no discipline or work performance issues, despite Plaintiffs' requests for reasonable accommodations and despite Defendant's own notice to Plaintiff after she was terminated that she was actually approved for FMLA medical leave.

6. Plaintiff alleges that her rights were interfered with under the FMLA.

7. Plaintiff alleges retaliation after she applied protected FMLA leave of absence.

8. An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any FMLA right.

9. An employer is prohibited from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise any FMLA right.

10. Plaintiff was an adequate employee for Defendant and Defendant recognized the value of

her work performance up until she applied for FMLA protected medical leave for her brain tumor.

11. But for Plaintiff disability and requirement for medical leave, she would still be within the ranks of Defendant's employed.

12. As a direct and proximate result, Plaintiff's rights were offended under the FMLA for interference and retaliation, causing Plaintiff to suffer substantial economic loss; loss of income and other pecuniary harm; diminished career opportunity; harm to her business reputation; disruption to her family life; loss of self-esteem; physical injury; emotional trauma and distress; and other harm, pain and suffering.

**WHEREFORE**, Plaintiff brings this Count as against Defendant and John Does (Plural 1-10), jointly, severally and in the alternative for violations of the FMLA and seeks compensatory damages, liquidated damages under the FMLA, front pay, back pay, emotional distress damages, interests, lost benefits, punitive damages, attorney's fees and costs and all other such relief that a judge or a jury may deem just and appropriate under the FMLA.

## COUNT TWO

1. Plaintiff repeats the allegations contained in the preceding Facts Relevant to All Counts and Count One and incorporates them as Paragraph 1 of this Count Two as though they were fully set forth at length herein.

2. Plaintiff brings this Count Two for Defendant's violation of the NJLAD for discrimination on the basis of a disability.

3. Plaintiff's disability (a brain tumor) and her required reasonable accommodations (medical leave), were the basis that caused Defendants to terminate her employment.

4. Defendant summarily terminated Plaintiff due to absences that were covered by the NJLAD as a reasonable accommodation (and FMLA protected).

5. Defendant terminated Plaintiff without any interactive process.

6. After terminating Plaintiff for unexcused absences due to her FMLA leave request being denied, Defendant then sent Plaintiff a notice stating that her FMLA leave was approved.

7. It is an unlawful employment practice for an employer, because of disability, to refuse to employ, refuse to hire, or to bar from employment an individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

8. As a direct and proximate result, Plaintiff's rights were offended under the NJLAD for discrimination on the basis of a disability, failure to reasonably accommodate a disability, and failure to engage in an interactive process with Plaintiff regarding reasonable accommodations, causing Plaintiff to suffer substantial economic loss; loss of income and other pecuniary harm; diminished career opportunity; harm to her business reputation; disruption to her family life; loss of self-esteem; physical injury; emotional trauma and distress; and other harm, pain and suffering.

   **WHEREFORE**, Plaintiff brings this Count as against the Defendants and John Does (Plural 1-10), jointly, severally and in the alternative for violations of the NJLAD and seeks compensatory damages, front pay, back pay, emotional distress damages, interests, lost benefits, punitive damages, attorney's fees and costs and all other such relief that a judge or a jury may deem just and appropriate under the NJLAD.

KURKOWSKI LAW, LLC

*/s/*     *Daniel Kurkowski*

Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: January 14, 2019

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify that there are no other actions to my knowledge pending in any Court concerning the subject matter of the Complaint contained herein. I further certify that there are no other parties to my knowledge who should be joined in this action at this time.

Nothing contained in this Complaint shall be construed or deemed an admission, of any kind, against Plaintiff. This is not a verified complaint and is a document prepared by counsel.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

KURKOWSKI LAW, LLC

*/s/       Daniel Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: January 14, 2019

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure for all issues so triable.

KURKOWSKI LAW, LLC

*/s/       Daniel Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: January 14, 2019

## **DEMAND TO PRESERVE EVIDENCE**

1. All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to the same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheet, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Snapchat, Instagram, Google+, etc.) and any other information and /or data and/or things and/or documents, including specifically but not limited to the time cards, time sheets, and/or log books and all payroll records (both physical documents and electronic documents and/or data), which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

KURKOWSKI LAW, LLC

*/s/      Daniel Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: January 14, 2019